**State of Vermont**
**Superior Court — Environmental Division**

=======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Champlain Valley Meats Inc. Act 250 Application**          **Docket No. 15-2-11 Vtec**
**(Appeal from District 6 Environmental Commission determination)**

Title: Motion for Summary Judgment (Filing No. 1)

Filed: May 13, 2011

Filed By: John H. Hasen, Attorney for Appellee Vermont Natural Resources Board

Title: Response and Cross-Motion for Summary Judgment (Filing No. 2)

Filed: June 7, 2011

Filed By: Frank H. Langrock, Attorney for Appellant/Applicant Champlain Valley Meats, Inc.

Response filed on 6/22/11 by John H. Hasen, Attorney for Appellee Natural Resources Board


___ Granted                     ___ Denied                     _X_ Other


Before us on appeal is a decision by the District 6 Environmental Commission ("District Commission") denying Champlain Valley Meats, Inc. ("Applicant") an amendment to a state land use permit for the construction of three additions that it has already completed to an existing slaughterhouse in the Town of Grand Isle, Vermont.  The District Commission concluded that the additions do not comply with criteria 8 and 10 of 10 V.S.A., Chapter 151 (commonly known as "Act 250").  See 10 V.S.A. § 6086(a)(8), (10).  Applicant has appealed that decision.  Currently pending before the Court are competing cross-motions for partial summary judgment filed by Applicant and the Vermont Natural Resources Board ("NRB") on the question of compliance under criterion 10.

**Summary Judgment Standard**

Before this Court can issue summary judgment for a party, we must conclude that there are no disputed material facts and that one of the parties is entitled to judgment as a matter of law.  See V.R.C.P. 56; V.R.E.C.P. 5(a)(2).  An important part of our summary judgment rule is the requirement that each moving party include a statement of undisputed material facts with their filing.  See V.R.C.P. 56(c)(2) ("There shall be annexed to the motion a separate, short, and concise statement of the material facts as to which  the moving party contends that there is no genuine issue to be tried.").  This requirement is sometimes overlooked when, as here, the parties file cross-motions for summary judgment.

Our Supreme Court has affirmed a trial court's grant of summary judgment reached in the absence of a statement of undisputed material facts by the successful party.  See State v. Great Northeast Production, Inc., 2008 Vt. 13, ¶¶ 5–8, 183 Vt. 579.  However, we hesitate to find material facts undisputed when it is unclear whether the opposing party had notice of an asserted fact.  As explained in more detail below, because we are unclear whether a fact

material to our analysis under criterion 10 is, in reality, undisputed, with this Entry Order we request further filings from Applicant and NRB before adjudicating their cross-motions for summary judgment.

We turn now to a description of the applicable legal standard under criterion 10 and a discussion of the record currently before us.

## Act 250 Criterion 10

For a district commission, and, by extension, this Court, to conclude that a proposed development complies with Act 250 criterion 10, an applicant must demonstrate that the development conforms with the applicable town and regional plan. See 10 V.S.A. §§ 6086(a)(10) (requiring conformance with "any duly adopted local or regional plan"), 6088(a), 8504(h). Here, the District Commission found that the three additions to the existing slaughterhouse conform with the Northwest Regional Plan, but not the Town of Grand Isle Town Plan ("Town Plan"). Applicant appealed the portion of that decision adverse to it. Because the question before us in this de novo appeal is whether the three additions to the slaughterhouse conform with a duly adopted town plan, we must first determine what version of the Town Plan applies before we can determine if either party is entitled to summary judgment on the question of whether Applicant's additions conform with the applicable town plan.

Our Vermont Supreme Court has established that a landowner is entitled to review of his or her land use proposal under the version of the land use laws in effect at the time the landowner submits a "proper application." See In re Ross, 151 Vt. 54, 56–57 (1989) (citing Smith v. Winhall Planning Comm'n, 140 Vt. 178, 1981). In the context of Act 250, we commonly look to those laws in effect when an applicant submits a complete Act 250 application. See id. While this is the rule stated generally, the doctrine of vested rights often requires careful consideration, especially in the context of Act 250 criterion 10.

In determining compliance with criterion 10, if an Act 250 applicant has "diligently pursue[d] a proposal through the local and state permitting processes before seeking an Act 250 permit, conformance under [the town and regional plans] . . . is to be measured with regard to zoning laws in effect at the time of a proper *zoning permit* application." In re Molgano, 163 Vt. 25, 33 (1994) (emphasis added). Because the doctrine of vested rights operates to protect the rights of landowners/applicants, we have also allowed Act 250 applicants to request that their applications be measured against a subsequently adopted town plan when its revised provisions favor the applicant. See In re Eastview at Middlebury, Inc., No. 256-11-06 Vtec, slip op. at 24 (Vt. Envtl. Ct. Feb. 8, 2008) (Durkin, J.), aff'd 2009 VT 98.

## Record Before the Court

It is not entirely clear on what date Applicant represents that it submitted a proper zoning permit application to the Town of Grand Isle, and it is uncertain whether the opposing party here, NRB, had sufficient notice of that representation to prompt a response. In its memorandum, Applicant includes the statement that the owner of the slaughterhouse, "in 2008 . . . applied for and received Town permits to install the additions to the facility." (Response to Mot. for Summ. J. and Cross Mot. for Summ. J. 2, filed June 7, 2011.) However, this fact is neither incorporated into a statement of undisputed material facts nor a separate affidavit, nor is it particularly conspicuous within Applicant's memorandum. Applicant has also submitted, but not explained, an attachment to its cross-motion for summary judgment including a number

of documents labeled "Town of Grand Isle Zoning Permits" with dates ranging from 1998 to 2008. (See id., Exhibit A, Attachment 3.)

Because we are hesitant to conclude that this material fact is undisputed based on the record before us, we ask that the parties supplement their filings before we rule on their competing motions for summary judgment.

## Conclusion

We give Applicant until **Tuesday, November 22, 2011** to submit a statement of undisputed material facts that indicates the date on which it submitted a proper application for a zoning permit for its additions to the slaughterhouse, and NRB has until **Thursday, December 8, 2011** to file a response to that statement. Each party must also either provide a certified copy of the Town Plan and municipal bylaws, if applicable, that it represents applies here, or reference copies that are already part of the record. To the extent that either party believes that other facts are undisputed and material to the legal issues presented by their respective motions (but not yet part of the statement of undisputed material facts that NRB submitted), they may also include those facts in their supplemental filings.

_____          _____November 8, 2011_____

       Thomas S. Durkin, Judge                                        Date

=========================================================================

Date copies sent to: _____                              Clerk's Initials _____

Copies sent to:

  Frank H. Langrock, Attorney for Appellant/Applicant Champlain Valley Meats, Inc.

  Eric M. Knudsen, Co-counsel for Appellant/Applicant Champlain Valley Meats, Inc.

  John H. Hasen, Attorney for Vermont Natural Resources Board/Land Use Panel

  Vermont Agency of Natural Resources (FYI purposes only)